IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**DAVID GARCIA**, )<br>)<br>Defendant. ) | Cr. No. 20-1360 MV |

### UNITED STATES' SENTENCING MEMORANDUM

The United States submits this sentencing memorandum respectfully requesting the Court to sentence Defendant to a term of imprisonment at the low end of Defendant's guideline range. In support thereof, the United States submits the following:

### BACKGROUND

On May 11, 2020, a criminal complaint was filed in the District of New Mexico, charging Defendant with Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. § 1951. Doc. 1. On June 9, 2020, a grand jury charged Defendant with the same charge of the criminal complaint, Interference with Commerce by Threats and Violence, in violation of 18 U.S.C. § 1951(a). Doc. 6. On May 3, 2023, Defendant pleaded guilty to the single count Indictment. Doc. 40.

On June 14, 2023, the Presentence Investigation Report ("PSR") was disclosed. Doc. 42. The PSR accurately reflects Defendant's guideline imprisonment range. PSR ¶ 88. Defendant's base offense level is 20. PSR ¶ 18. Three levels were added because the Defendant brandished or possessed a dangerous weapon. PSR ¶ 19. Defendant received a three-level reduction for acceptance of responsibility. PSR ¶¶ 25-26. Thus, Defendant's total offense level is 20. PSR ¶

27. Because Defendant's total criminal history score is 11, his criminal history category is V. PSR ¶ 42. Based on a total offense level of 20 and a criminal history category of V, Defendant's guideline imprisonment range is 63 months to 78 months. PSR ¶ 88. The United States has no objections to the PSR.

## ARGUMENT

The United States Sentencing Guidelines ("Guidelines") are advisory. *See United States v. Booker*, 543 U.S. 220, 233 (2005). Moreover, under the Supreme Court ruling in *Rita v. United States*, 551 U.S. 338 (2007), for appellate purposes, a reviewing court may accord a properly calculated sentence to have a presumption of reasonableness. *Id.* at 347. A district court, on the other hand, cannot presume reasonableness, but in determining a sentence, it must conduct an analysis using both the Guidelines and the sentencing statutes. *Id.* at 347-48. Both the sentencing judge and the (Sentencing) Commission "are carrying out the same basic §3553(a) objectives, the one, at retail, and the other at wholesale." *Id*. at 348. "[I]t is fair to assume that the Guidelines . . . reflect a rough approximation of sentences that might achieve §3553(a)'s objectives." *Id.* at 350. Hence, the district court should impose sentences within the calculated guideline range when a departure is not appropriate because Guidelines sentences prevent unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6) and because the Sentencing Commission policies articulated in the Guidelines are sound and reasoned. *See Rita*, 551 U.S. at 348.

The factors listed in 18 U.S.C. § 3553(a) include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. §§ 3553(a)(1), (2)(A)-(D).  Based on Defendant's guideline range and the factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests the Court sentence Defendant to a term of imprisonment at the low end of Defendant's guideline range.

    **1. The nature and circumstances of the offense.**

Defendant committed the charged crime by threatening the manager of Advanced Auto Parts with a hammer.  PSR ¶¶ 9-13. Although Defendant left the store with batteries valued at $47.47 and no one was injured during the incident, Defendant's actions caused great distress to the victim.  *See* Victim Impact Statement, PSR ¶ 15.

    **2. Defendant's history and characteristics.**

Defendant has a lengthy criminal history, which includes multiple felony convictions and a pattern of conduct related to theft.  Defendant has convictions for burglary (PSR ¶ 31), contributing to the delinquency of a minor (PSR ¶¶ 31, 32), shoplifting (PSR ¶ 32), criminal trespass (PSR ¶¶ 33, 35, 37-40), aggravated battery with a deadly weapon (PSR ¶ 34), tampering with evidence (PSR ¶ 34), and breaking and entering (PSR ¶ 36).  His criminal history also shows arrests for shoplifting (PSR ¶¶ 43, 45, 47, 50-51), falsely obtaining services (PSR ¶ 44), possession of a controlled substance (PSR ¶ 43), possession of merchandise with the intention of not paying (PSR ¶ 48), aggravated assault with a deadly weapon (PSR ¶ 49), and aggravated battery (PSR ¶ 52).

Defendant's history also shows poor performance while on supervision.  PSR ¶¶ 31, 34. And a history of substance abuse (PSR ¶¶ 77-79) and mental health issues (PSR ¶¶ 63-76).

3. **The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the Defendant.**

A sentence at the low end of Defendant's guideline range would reflect the seriousness of the offense and provide adequate deterrence. Deterrence includes both general deterrence and specific deterrence. *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006). While general deterrence's goal is to "deter others from committing the same crime by demonstrating its disadvantageous consequences," specific deterrence's goal is "to incapacitate the wrongdoer, so as to protect society from further criminal activity." *United States v. Irey*, 612 F.3d 1160, 1227 (11th Cir. 2010). As a general deterrent, a sentence at the low end of Defendant's guideline range would demonstrate to others the disadvantageous consequences of committing a Hobbs Act robbery. As a specific deterrent, Defendant would be deterred from similar criminality.

This sentence would promote respect for the law considering it will be the longest sentence the Defendant has received to date. *See* PSR ¶¶ 31-36. It would provide just punishment considering the nature and circumstances of the offense and the Defendant's history and characteristics. And most importantly, a sentence of at the low end of Defendant's guideline range would protect the public from further crimes of Defendant.

4. **The Need to Avoid Unwarranted Sentencing Disparities Between Defendants Who Have Committed Similar Crimes**

A sentence at the low end of Defendant's guideline range is a reasonable approach to prevent unwarranted sentencing disparities between similarly situated defendants. The Guidelines have set a range of 63 months to 78 months of imprisonment for a defendant who has a criminal history category of V and has committed the offense at issue here. Furthermore, according to the Judiciary Sentencing Information, the average length of imprisonment imposed

for a defendant with a final offense level of 20 and a criminal history category of V was 61 months and the median length of imprisonment imposed was 63 months. PSR ¶ 106. Thus, a sentence at the low end of Defendant's guideline range, as recommended in the plea agreement, would be in accordance with the Judiciary Sentencing Information and would avoid sentencing disparity among similar situated defendants. Considering Defendant's guideline range and the factors set forth in 18 U.S.C. § 3553(a), a sentence at the low end of Defendant's guideline range would be "sufficient, but not greater than necessary, to comply with the [sentencing goals]." *Id.*

CONCLUSION

WHEREFORE, the United States respectfully requests the Court sentence Defendant to a term of imprisonment at the low end of Defendant's guideline range.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*Electronically filed 12/4/2023*
RAQUEL RUIZ-VELEZ
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274
(505) 346-7296 fax

I HEREBY CERTIFY that on the 4th
day of December 2023 I filed the foregoing
pleading electronically through the CM/ECF
system, which caused counsel of record
to be served by electronic means on this date.
*/s/*  _____
Raquel Ruiz-Velez
Assistant U.S. Attorney